UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Stanzer Knox, | Case No. 17-cv-5351 (DWF/TNL) |
| Plaintiff, | |
| v. | **REPORT & RECOMMENDATION** |
| State Farm Fire and Casualty Company, | |
| Defendant. | |

---

Stanzer Knox, 2751 Hennepin Avenue South #14, Minneapolis, MN 55408 (pro se Plaintiff); and

Anthony J. Kane and David Gordon Watson, Pfefferle Kane LLP, 100 North Sixth Street, Suite 600A, Minneapolis, MN 55403 (for Defendant).

---

This matter comes before the Court on Defendant's Motion for Remand Pursuant to 28 U.S.C. § 1447(c) (ECF No. 27). The motion has been referred to the undersigned for a report and recommendation to the district court, the Honorable Donovan W. Frank, Judge for the United States District Court for the District of Minnesota, under 28 U.S.C. § 636 and D. Minn. LR 72.1. (ECF No. 25.)

Based upon the record, memoranda, and proceedings herein, **IT IS HEREBY RECOMMENDED** that the motion be **GRANTED**.

### I. BACKGROUND

On or about May 25, 2015, a fire damaged Plaintiff's Minneapolis home (hereinafter "the Property"). (Compl. ¶ 5, ECF No. 1-1; *see also* Answer ¶ 4, ECF No. 5.) At the time of the fire, the Property was covered by an insurance policy issued by Defendant, which

1

"included coverage for loss caused by fire." (Answer ¶ 4.) In response to Plaintiff's insurance claim, Defendant issued payments totaling $116,699.69 to cover the damages to the Property.[1] (Compl. ¶ 6; Def.'s Mem. of Law in Supp. of its Mot. for Remand ("Def.'s Mem. in Supp.") at 2, ECF No. 29; *see also* Answer ¶¶ 8, 11, 13.)

Plaintiff then submitted the claim to appraisal. (Compl. ¶ 7; Answer ¶¶ 5, 11.) On June 17, 2017, the appraisal panel issued an award, determining that: (1) the replacement cost value of the direct physical loss or damage to the Property as a result of the fire was $235,532.69; and (2) the actual cash value of the loss to the Property was $169,583.53. (Appraisal Award Form, Ex. 1 to Aff. of Anthony J. Kane ("Kane Aff."), ECF No. 28-1 at 2.)[2] The appraisal panel further added, "[w]ith regard to the dwelling loss, the [replacement cost value] should be increased to the extent additional code compliance work arising out of the fire loss is ordered by the code authorities during reconstruction." (Appraisal Award Form, ECF No. 28-1 at 3.) Defendant asserts that Plaintiff has not proceeded with repairs to the Property in a timely manner and is thus no longer entitled to replacement cost coverage for repairs to the Property. (Answer ¶ 13; Def's Mem. in Supp. at 5.)

Unsatisfied with these payments and the outcome of the appraisal, Plaintiff filed suit in state district court in Hennepin County, Minnesota, in November 2017, alleging

---

[1] These payments consisted of: (1) a June 16, 2015 dwelling payment in the amount of $68,089.73; (2) a subsequent dwelling payment in the amount of $19,954.07; and (3) a subsequent dwelling payment in the amount of $28,655.89. (Answer ¶¶ 11, 13.)

[2] Because there are no page numbers in this and other exhibits, and because all of the exhibits were filed as a single document, the Court uses the ECF pagination in its citations to the exhibits for clarity. In the future, the Court would appreciate if individual exhibits were filed separately instead of together in a single document.

Defendant breached the insurance contract.³ (Compl. ¶¶ 4-8, 10.)⁴ In his Complaint, Plaintiff demanded payment according to the insurance contract "in excess of $50,000." (Compl. ¶ 9.) Defendant removed this matter from the state district court in December of 2017, arguing that while Plaintiff alleged damages in excess of $50,000 in his Complaint, he actually sought damages in excess of $75,000, thus allowing the case to be removed. (Notice of Removal ¶¶ 3, 7, ECF No. 1; *see also* Am. Notice of Removal ¶ 3, ECF No. 18 (suggesting the specific replacement cost damages Plaintiff sought amounted to over $75,000).) Plaintiff did not challenge this removal.

At some point after the fire, Plaintiff ceased making mortgage payments on the Property. (Def.'s Mem. in Supp. at 3; *see* Notice of Foreclosure & Foreclosure Sale, Ex. 2 to Kane Aff., ECF No. 28-1 at 6-9.) On May 4, 2017, a letter was sent to Plaintiff giving notice of foreclosure on the Property and notice of a foreclosure sale on July 7, 2017. (Notice of Foreclosure & Foreclosure Sale, ECF No. 28-1 at 6-7.) This notice lists Wells Fargo Bank, N.A., as Trustee for Carrington Mortgage Loan Trust as the assigned mortgagee of the Property. (*Id.*; *see also* Def.'s Mem. in Supp. at 2-4.) According to Defendant, Carrington Mortgage Loan Trust (hereinafter "Carrington") instituted the foreclosure action against the Property; the Property was sold at a Sheriff's Sale on October 15, 2018; and, on April 15, 2019, after the six-month redemption period, Carrington

---

³ At the time, Plaintiff was represented by counsel. Shortly after the matter was set for a pretrial scheduling conference, counsel for Plaintiff filed a Motion to Withdraw as Counsel of Record Without Substitution (ECF No. 8), specifying the scope of his representation was limited to filing the Summons and Complaint before the then-impending deadline to sue under the contract. (Mot. to Withdraw at 1.) The Court granted this motion. (ECF No. 13.) Plaintiff has since proceeded in this matter pro se.
⁴ The Court notes that the paragraphs of the Complaint are not in correct numerical order.

3

became the fee title owner of the Property. (Def.'s Mem. in Supp. at 3-4.)[5] During the foreclosure of the Property, Defendant issued two additional dwelling payments in the form of two checks: one dated May 5, 2017 in the amount of $2,076.05; and the other dated June 26, 2017 in the amount of $39,662.92. (Dwelling Payments, Ex. 3 to Kane Aff., ECF 28-1 at 12-13.) Plaintiff, the law firm of Hellmuth & Johnson PLLC,[6] and Carrington were the named payees on these two payments, totaling $41,738.97. (*Id.*) According to Defendant, because the payees "could not agree on the apportionment of the payments . . . the checks were never cashed." (Def.'s Mem. in Supp. at 3; *see* Dwelling Payments, ECF No. 28-1 at 11.)

On April 5, 2018, Plaintiff filed for bankruptcy in the United States Bankruptcy Court, District of Minnesota. (Def.'s Mem. in Supp. at 4.) The matter was stayed on May 22, 2018, pending resolution of that case. (Order, ECF No. 20.) This stay was lifted on July 16, 2020. (Order, ECF No. 24.)

Defendant now asks the Court to remand this matter to state court on the basis that, because Plaintiff no longer has an ownership interest in the property, and because he is

---

[5] Defendant cites to Exhibit 2, the Notice of Foreclosure & Foreclosure Sale, in support of this assertion. This exhibit consists of a May 4, 2017 letter from the law firm of Shapiro & Zielke, LLP to Plaintiff and Defendant's counsel noticing the mortgage foreclosure on the Property and attached enclosures. Those enclosures are the Notice of Mortgage Foreclosure Sale for July 7, 2017; a Homestead Designation Notice; a Separate Tract Designation Notice; and a document entitled "Help for Homeowners in Foreclosure." Neither this exhibit, nor the other two exhibits attached to Mr. Kane's Affidavit, details the foreclosure sale on October 2018 or that Carrington purchased the Property. The Court, however, has not received contradictory information from Plaintiff, and sees no reason to doubt Defendant's claims.

[6] Defendant states that the law firm of Hellmuth & Johnson previously represented Plaintiff. (Def.'s Mem. in Supp. at 3.) Exhibit 3 to Mr. Kane's Affidavit contains an April 26, 2018 letter from an attorney at that firm returning the two checks to Defendant's counsel (Dwelling Payments, ECF No. 28-1 at 11); this letter, however, does not specify that the firm represents Plaintiff. In addition, the payees listed on the May 5, 2017 check are "[Plaintiff] & Hellmuth & Johnson PLLC Attorneys at Law, His/Her Attorney & [Carrington]." (Dwelling Payments, ECF No. 28-1 at 13.) These context clues suggest Hellmuth & Johnson may have represented Plaintiff in another capacity (Hellmuth & Johnson has never been listed as counsel of record in this case). Once again, the Court accepts these facts as they are not challenged by Plaintiff, nor are they contradicted in the record.

4

entitled to no more than $41,738.97 under the insurance contract, the Court no longer has subject-matter jurisdiction. (Def.'s Mot. for Remand at 1, ECF No. 27; *see generally* Def.'s Mem. in Supp.) Plaintiff has not responded to this motion, except to state that he is "not willing" to join Defendant's motion. (Meet-and-Confer Statement at 1, ECF No. 32.)

## II. ANALYSIS

Defendant now seeks to remand a case it previously removed on the basis that the amount in controversy no longer meets the threshold for diversity jurisdiction. *See* 28 U.S.C. § 1332(a) (stating district courts have original jurisdiction over cases between citizens of different states in which the amount in controversy exceeds $75,000). "Any party or the court may, at any time, raise the issue of subject matter jurisdiction." *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828 (8th Cir. 2004). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Lindgren v. State Farm Ins. Cos.*, No. 04-3153 (JRT/FLN), 2005 WL 1325053, at *1 (D. Minn. May 23, 2005) ("Where jurisdictional requirements have not been met, this Court does not have authority to consider a matter and must remand to state court.") (citation omitted).

"Where, as here, the sufficiency of the amount alleged to be in controversy is questioned, 'the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence.'" *McGuire v. State Farm Fire & Cas. Co.*, 108 F. Supp. 3d 680, 684 (D. Minn. 2015) (quoting *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir.

5

2009). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) (citing *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007).

The posture of this motion is atypical of motions to remand and disputes over the amount in controversy. Here Defendant, after generally asserting the amount in controversy exceeded the jurisdictional minimum, presents the Court with a specific dollar amount under the jurisdictional floor ($41,738.97) in support of its motion. (*Compare* Notice of Removal ¶ 3 and Am. Notice of Removal ¶ 3 *with* Def.'s Mem. in Supp. at 4-6.) Defendant reasoned the following when explaining that the maximum Plaintiff could recover in damages under the insurance contract does not meet the jurisdictional requirement:

> [Plaintiff] did not proceed with repair to the Property after the fire loss. As a result, he became ineligible to receive replacement cost coverage. Moreover, [Plaintiff] no longer has an interest in the Property, and thus, is not entitled to replacement cost coverage for code-required repairs, to the extent it was available. The $41,738.97 in dwelling payments still owed to Carrington, Hellmuth & Johnson and/or [Plaintiff] fails to meet the subject-matter jurisdiction amount-in-controversy threshold.

(Def.'s Mem. in Supp. at 5.) This issue is further complicated because Plaintiff has taken no substantive position on this matter since the case was removed in December of 2017. Plaintiff's chosen venue was state court, so the Court could initially surmise that Plaintiff would prefer that venue. Further developments, however, bring into question that initial

6

presumption: first, Plaintiff never challenged Defendant's removal of the case; second, Plaintiff declined to join the present motion. (*See* Meet-and-Confer Statement at 1.)

Without further comment from Plaintiff, however, the Court is left with the record Defendant has provided. The Court declines to speculate that Plaintiff did not join this motion because he believes the amount in controversy exceeds the statutory threshold, as Plaintiff filed no response making this argument. The Court also will not speculate as to Plaintiff's position or state of mind.

To begin with, Defendant has specifically challenged jurisdiction in this Court and sets forth unrefuted arguments that the federal jurisdictional amount in controversy requirement is not met. And, jurisdiction can essentially be challenged at any time. Thus, it could scarcely be argued that Defendant is now a proponent of jurisdiction in federal court on this case. This leaves Plaintiff as the party proponent for diversity jurisdiction at this juncture with "the burden of proving that the amount in controversy exceeds the jurisdictional minimum." *Bell*, 557 F.3d at 956. Plaintiff's silence is telling in this matter. He makes no argument and cites to no evidence to contradict Defendant's reasoning that the maximum amount Plaintiff could recover under the contract does not meet the amount in controversy threshold of $75,000 or more. Further, the evidence the Court has before it at this time supports Defendant's argument that Plaintiff's claim does not meet this threshold. *See* 28 U.S.C. § 1447(c); *Lindgren*, 2005 WL 1325053, at *1-2 (granting defendant's motion to remand after it had earlier removed the matter when the facts demonstrated the amount-in-controversy requirement had not been met). Based on the

7

foregoing, the Court recommends that Defendant's motion be granted, and this matter be remanded to state district court in Hennepin County.

## IV. RECOMMENDATION

Based upon the record, memoranda, and the proceedings herein, and for the reasons stated above, **IT IS HEREBY RECOMMENDED** that:

1. Defendant's Motion for Remand Pursuant to 28 U.S.C. § 1447(c) (ECF No. 27) be **GRANTED**.

2. This matter be **REMANDED** to the State of Minnesota District Court, Fourth Judicial District, Hennepin County.

Dated: January __20__, 2021               *s/Tony N. Leung*
                                          Tony N. Leung
                                          United States Magistrate Judge
                                          District of Minnesota

                                          *Knox v. State Farm Fire & Cas. Co.*
                                          17-cv-5351 (DWF/TNL)

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).